IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LATWAN CARPENTER,**

    **Plaintiff,**

    v.                                     Case No.: 2:20-cv-603

**CITY OF PORTSMOUTH,
VIRGINIA**

*Serve:* **Burle Stromberg,
Interim City Attorney
801 Crawford Street
Portsmouth, VA 23704**

    **Defendant.**

## COMPLAINT

The above-named Plaintiff, Latwan Carpenter ("Plaintiff"), by counsel, states as her Complaint against Defendant, The City of Portsmouth, Virginia ("Defendant"), the following:

### I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter as it arises from the federal question presented by Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.,* and the ADA Amendments Act of 2008 ("ADA").

2. The acts and/or omissions of Defendant from which the causes of action these causes of action arise, occurred within the Eastern District of Virginia. Due to its contacts within the Commonwealth of Virginia, Defendant avail itself to the jurisdiction of this Court.

3. Venue is appropriate as a substantial part of the acts and/or omissions of Defendant from which the causes of action arise occurred in Portsmouth, Virginia located within the Eastern District of Virginia. See 28 U.S.C. §1391(b)(2).

4. Plaintiff timely filed her charge with the Equal Employment Opportunity Commission. Plaintiff received a Notice of Right to Sue from said agency dated September 3, 2020.

5. Plaintiff timely files this action within ninety (90) days of receipt of that notice.

## II.   THE PARTIES

6. Plaintiff Latwan Carpenter is a resident of Portsmouth, Virginia.

7. At all times relevant to the Complaint, Plaintiff suffered from a known disability, specifically PTSD and Anxiety Disorder.

8. Defendant operates the Portsmouth Department of Behavioral Healthcare Services ("DBHS") a behavioral health agency located in Portsmouth, Virginia.

## III.   FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant as a Substance Abuse Case Manager at DBHS located at 1811 King Street, Portsmouth, Virginia in 2018.

10. Defendant is an "employer" of Plaintiff, as that term is defined under Title VII and the ADA.

11. Plaintiff performed her assigned job duties diligently throughout the duration of her employment.

12. Plaintiff has been medically diagnosed as suffering from severe PTSD and Anxiety Disorder at all times relevant to the causes of action at bar.

13. Prior to and during Defendant's alleged conduct, Plaintiff made aware her aforementioned medical conditions to management of DBHS and sought reasonable accommodations, specifically a safe work environment.

14. Plaintiff was denied any reasonable accommodations and forced to work in "Recovery House," effectively removing her from the protection of security and other staff, and subjected to harassment, intimidation and hostile working environment created by an employee of Defendant, the director of Plaintiff at DBHS, Elaine Breathwaite.

15. Upon the day Plaintiff become an employee of DBHS, Elaine Breathwaite called Plaintiff a "felon" among other employees.

16. As a matter of fact, Plaintiff was not a felon since Plaintiff previously presented documentation to Defendant's Human Resources Representative at the time of registration, that any and all prior charges against her had been dismissed.

17. Plaintiff was humiliated by being called a felon in front of her colleagues and unfortunately she was forced to re-suffer a traumatic experience of domestic violence.

18. On or about December 27, 2018, Plaintiff was unfairly notified that she would lose her job if she failed to report to work at the "Reflection House," where she had to work with mental health clients with severe behaviors. She had been forced to work in two job disciplines since then, which is beyond the job description as a Substance Abuse Case Manager.

19. On or about February 25, 2019, Elaine Breathwaite, Plaintiff's director, yelled and used profanity at her, after Plaintiff had just returned from her mother-in-law's funeral, causing Plaintiff severe emotional distress.

20. On or about February 26, 2019, Elaine Breathwaite told her that she "would never be promoted" and did so in front of the Assistant Director in the director's office, since Plaintiff walked away from her after the confrontation.

21. On or about August 7, 2019, Plaintiff endured racial harassment from Mary Baker, a licensed clinical therapist at DBHS. Ms. Baker stated if Plaintiff did not bring a "consumer" back to complete her intake process she would "lasso" Plaintiff's neck, causing severe emotional distress.

22. In October 2019, Plaintiff filed a grievance with Defendant's Department of Human Resources against Elaine Breathwaite and Mary Baker.

23. In retaliation, Defendant suspended Plaintiff for 20 days without pay in disciplinary action taken out against Plaintiff in bad faith.

24. During the disciplinary investigation concerning Plaintiff's report of an unauthorized entry of a reporter, Plaintiff requested to view an unedited copy of the video record of such entry, but Defendant continuously ignored her requests.

25. As an African-American woman, Plaintiff believes that she was denied reasonable accommodations and subjected to harassment, intimidation and discipline because of her race, in violation of Title VII.

26. Defendant failed to properly accommodate Plaintiff's disability and/or discriminated against her because of her disability and/or retaliated against her because of her request for an accommodation, all in violation of the ADA.

### COUNT I: CLAIM FOR DISCRIMINATION

27. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

28. At all times relevant to the Complaint, Plaintiff could perform the essential functions of her job as a Substance Abuse Case Manager with or without an accommodation.

29. Prior to the aforementioned bad faith disciplinary action, Plaintiff was performing her work at a satisfactory level and meeting or exceeding Defendant's legitimate business expectations.

30. Defendant failed to provide Plaintiff with a safe work environment by assigning her to work in the position at Recovery House, while knowing the fact that Plaintiff suffers from severe PTSD and Anxiety Disorder and the requests for more suitable accommodations.

31. Plaintiff was discriminated based on her race and retaliated against by defendant because of her filed grievance.

32. The reasons given by Defendant for its disciplinary action against Plaintiff were pretextual and otherwise unfounded.

33. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

34. At all times material hereto, Defendant engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of punitive damages.

35. The above-described acts by Defendant and employees of Defendant constitute discrimination based on race in violation of Title VII, as well as disability discrimination in violation the ADA.

36. Wherefore, Plaintiff seeks compensatory and punitive damages in the amount of $2,000,000.00, attorney's fees and costs, and any and all other relief the Court deem appropriate.

## COUNT II:  CLAIM FOR RETALIATION IN VIOLATION OF THE ADA

37. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

38. At all times relevant to the Complaint, Plaintiff was a qualified individual with a disability under the ADA. Specifically, Plaintiff suffered from PTSD and Anxiety Disorder.

39. At all times relevant to the Complaint, Plaintiff could perform the essential functions of her job as a Substance Abuse Case Manager with or without an accommodation.

40. Prior to the unlawful disciplinary action, she was performing her work at a satisfactory level and meeting or exceeding Defendant's legitimate business expectations.

41. Prior to her suspension, Plaintiff requested for reasonable accommodation from DBHS due to her disability and filed a grievance with Human Resources against Elaine Breathwaite and Mary Baker after being discriminated and bullied.

42. Plaintiff was retaliated against by Defendant for revealing her disability and requesting the reasonable accommodations.

43. Defendant would not have retaliated Plaintiff or taken the other discriminatory/retaliatory actions against Plaintiff but for her disability and/or her request for a reasonable accommodation. Indeed, Plaintiff's suspension from employment without pay occurred under circumstances that raise a reasonable inference of unlawful discrimination and retaliation based upon her disability or request for a reasonable accommodation and as well the grievance filed with Defendant's Department of Human Resources.

44. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

45. At all times material hereto, Defendant engaged in unlawful and retaliatory practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of punitive damages.

46. The above-described acts by Defendant and employees of Defendant constitute retaliation in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.,* and the ADA Amendments Act of 2008.

47. WHEREFORE, Plaintiff Latwan Carpenter prays for judgment against Defendant, and for equitable relief, compensatory and punitive damages in the amount of $2,000,000.00 and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

## COUNT III:  BREACH OF CONTRACT

48. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

49. At all times relevant to the Complaint, Plaintiff was put to work in such a manner that exceeded her job description, terms that formed a material portion of her employment agreement with Defendant.

50. Plaintiff was made to work in such a manner while Defendant provided no additional compensation.

51. Plaintiff in performing such work, which included additional duties, additional cases, additional hours, and additional responsibilities, all beyond the original duties and workload for which she agreed to be hired are material breaches of her employment contract and constitute damages caused by Defendant.

52. Defendant is therefore entitled to said damages in compensation for the additional performed since being hired by Defendant.

53. WHEREFORE, Plaintiff Latwan Carpenter prays for judgment against Defendant, and for equitable relief, compensatory damages and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

### COUNT IIII: DEFAMTION

54. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

55. When Defendant referred to Plaintiff as the "felon" in front of her colleagues at work, this was communicated to Plaintiff's third party recipient co-workers as a matter of fact.

56. Defendant made this defamatory remark intentionally, there was no need or reason to describe Plaintiff in this derogatory term.

57. Said derogatory description was false, nevertheless the damage was done, causing a loss of standing of her reputation at work and caused severe emotional distress as previously described.

58. WHEREFORE, Plaintiff Latwan Carpenter prays for judgment against Defendant, and for equitable relief, punitive and compensatory damages of $2,000,000.00 and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks and respectfully requests the following relief:

59. For judgment against the City of Portsmouth in favor of Latwan Carpenter for discrimination in violation of Title VII;

60. For judgment against the City of Portsmouth in favor of Latwan Carpenter for violation of the American with Disabilities Act;

61. For judgment against the City of Portsmouth in favor of Latwan Carpenter for Breach of Contract;

62. For judgment against the City of Portsmouth in favor of Latwan Carpenter for Defamation;

63. For an award of damages against the City of Portsmouth in an amount no less than $2,000,000.00;

64. For pre-judgment interest and post-judgment interest;

65. For reasonable attorney's fees and costs as provided; and

66. For other such relief in law or equity as the Court deems just and proper.

DATED: December 1, 2020

TRIAL BY JURY IS DEMANDED.

                           LATWAN CARPENTER

               By:/s/     Lenard Myers, II
                          Lenard Myers, II
                          VSB No. 79858
                          Fortress Proprietas, P.C.
                          1876 Wells Fargo Center
                          440 Monticello Avenue
                          Norfolk, VA 23510
                          P: 757.828.6685
                          F: 757.282.7777
                          E: lmyers@fortprolaw.com

                          *Attorney for Plaintiff*